Daniel, Judge.
 

 The paper writing offered in evidence by the plaintiff is not a promissory note; it contains no express promise to pay. It could not be declared on as a promissory note. It is a liquidated and signed account within the meaning of our act of assembly. It is an account stated; and it is so declared on by the plaintiff in his warrant. What is an account stated ? In
 
 Trueman
 
 v.
 
 Hurst,
 
 1 T. Rep. 42, Lord Mansfield said, it is an agreement by both parties, that all the articles are true. This was formerly conclusive, but a greater latitude has of late prevailed in order to remedy the errors which may have crept into the account in surcharging the
 
 items.
 
 In
 
 Holmes and Drake
 
 v.
 
 D‘Camp,
 
 1 John. Rep. 36, Judge Spencer said, formerly the stating of an account was considered so deliberate an act, as to preclude any examination into the
 
 items.
 
 A greater iatitute has of late prevailed, and any errors may be shown and corrected; but still the stating of an account is regarded as a consideration for the promise; and it -is in law in the nature of a new promise and supports the count of
 
 insimul computasset
 
 without any other consideration being shown by the plaintiff. 2263J lbs. of hides at twelve and a half cents per pound, would come to ninety-seven dollars and forty-eight cents, as stated in the account. The defendant wished to prove, that at the time the settlement was made, the above weight of the hides was only conjectural by the parties, as they were then wet, and it was then agreed by the parties, that the hides should be dried and ac
 
 *241
 
 counted for at their actual weight when dry. When dried, they fell short in weight five or six hundred pounds. Here was an error in the estimation of the weight, which was expressly agreed by the plaintiff’s intestate should be rectified, if detected, on the hides being weighed when dry. The judge refused this evidence going to the jury. We suppose he refused it on -the belief that the paper was a promissory note, and that the partial failure of consideration could not be admitted in evidence according to the case of
 
 Washburn
 
 v. Picot, 3 Dev. Rep. 390. But we are of the opinion that as it contains no express promise to pay, it is not a promissory note, but the paper must be considered as an account stated ; and then the authorities mentioned in this opinion, oblige us to say, that the evidence was admissible..
 

 Per Curiam. ' J udgment reversed..